UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



DRAGAS MANAGEMENT
CORPORATION,

    Plaintiff,

v.

THE HANOVER INSURANCE COMPANY,
Serve: CT Corporation System
       4701 Cox Rod, Suite 301
       Glen Allen, VA 23060-6802

and

CITIZENS INSURANCE CO. OF AMERICA,
Serve: Randolph C. Duvall
       1210 First Virginia Tower
       555 Main St.
       Norfolk, VA 23510

    Defendants.

Civil Action No.: 2:10cv547
Trial by Jury Demanded

## COMPLAINT

Plaintiff Dragas Management Corporation ("Dragas Management"), pursuant to, *inter alia*, the Declaratory Judgment Act, 28 U.S.C. § 2201(a), Va. Code Ann. § 38.2-2200 and Va. Code Ann. § 55-22, for its Complaint against The Hanover Insurance Company ("Hanover") and Citizens Insurance Co. of America ("Citizens") (collectively, "Defendants"), states as follows:

### Nature of Action

1.    Dragas Management has been granted an arbitration award in the amount of $4.9 million, plus post-judgment interest, costs and expenses, against The Porter-Blaine Corporation ("Porter-Blaine") for property damage suffered at two housing developments built by Dragas

Management, The Hampshires at Greenbrier in Chesapeake, Virginia ("The Hampshires") and Cromwell Park at Salem in Virginia Beach, Virginia ("Cromwell Park"). The damages suffered by Dragas Management resulted from imported Chinese drywall that Porter-Blaine furnished and installed in certain homes at The Hampshires and Cromwell Park. The property damage was caused by multiple occurrences.

2. Hanover and Citizens insured Porter-Blaine pursuant to commercial general liability policies issued by Citizens and umbrella insurance policies issued by Hanover (collectively, "Defendants' Policies").

3. The Defendants' Policies issued to Porter-Blaine cover the arbitration award received by Dragas Management; therefore, Dragas Management has standing to directly seek recovery under the Defendants' Policies issued to Porter-Blaine pursuant to the Policies, common law, and statutory remedies, including Va. Code Ann. § 38.2-2200 and Va. Code Ann. § 55-22.

### Jurisdiction and Venue

4. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332.

5. Venue is proper pursuant to 28 U.S.C. § 1391.

6. The amount in controversy exceeds $75,000.

### Parties

7. Dragas Management is a Virginia Corporation with a longstanding and distinguished record of building and development operations in southeastern Virginia. Dragas Management builds reasonably priced homes and prides itself on providing, and standing behind, quality products.

8. Hanover is a New Hampshire Corporation headquartered in Worchester, Massachusetts.

9. Citizens is a Michigan Corporation headquartered in Howell, Michigan.

## Facts

### The Arbitration Award

10. In 2009, Dragas Management filed a demand for arbitration against Porter-Blaine seeking to recover damages that Dragas Management suffered after Porter-Blaine furnished and installed defective Chinese drywall in certain homes at The Hampshires and Cromwell Park which were constructed by Dragas Management. The purchase and installation of the Chinese Drywall was performed by Porter-Blaine pursuant to several subcontracts dated December 4, 2003 through September 20, 2005 and thereafter, each of which included an arbitration provision. Porter-Blaine installed the Chinese drywall in homes at The Hampshires and Cromwell Park after February 14, 2006.

11. After discovery and a full evidentiary hearing, on October 7, 2010, the arbitrator appointed by the American Arbitration Association awarded Dragas Management $4.9 million, with post-judgment interest at six (6) percent per annum until paid and costs and expenses in the amount of Thirty-Three Thousand, Four Hundred Thirty-Nine Dollars and Ninety Cents ($33,439.90) to be paid by Porter-Blaine within ten (10) days of the award ("the Award").

12. On October 18, 2010, Dragas Management filed its Application to Confirm Arbitration Award in the Circuit Court for the City of Norfolk, Virginia. Porter-Blaine has failed to pay the Award within ten days as required by the terms of the Award. A true and accurate copy of the Application to Confirm Arbitration Award, which includes a copy of the Award itself, is attached hereto as **Exhibit A**.

13. Citizens and Hanover both insured Porter-Blaine at times relevant to the Award. The Defendants' Policies cover the Award because it constitutes damages that Porter-Blaine is

legally obligated to pay to a third party because of property damage to which the insurance applies. In fact, Defendants provided Porter-Blaine a defense in the arbitration action, subject to a reservation of rights. Defendants therefore are obligated to pay Dragas Management the amount of the Award on behalf of Porter-Blaine.

14. As the holder of the Award, Dragas Management is entitled to seek coverage for the Award directly from Citizens and Hanover pursuant to common law, the Defendants' Policies, and Va. Code Ann. § 38.2-2200 and Va. Code Ann. § 55-22. In addition, Dragas Management is entitled to seek such coverage in its own name.

### The Insurance Policies

15. Citizens sold Porter-Blaine a commercial general liability policy, No. ZBR 7905525 02, for the period of November 15, 2005 to November 15, 2006, with a $2,000,000 aggregate limit, a $1,000,000 per occurrence limit, and a $2,000,000 products and completed operations aggregate limit. ("2005-2006 CGL Policy"). The 2005-2006 CGL Policy is attached as **Exhibit B**.

16. Citizens sold Porter-Blaine a commercial general liability policy, No. ZBR 7905525 04, for the period of November 15, 2006 to November 15, 2007 with a $2,000,000 aggregate limit, a $1,000,000 per occurrence limit, and a $2,000,000 products and completed operations aggregate limit. ("2006-2007 CGL Policy"). The 2006-2007 CGL Policy is attached as **Exhibit C**.

17. Citizens sold Porter-Blaine a commercial general liability policy, No. ZBR 7905525 05, for the period of November 15, 2007 to November 15, 2008 with a $2,000,000 aggregate limit, a $1,000,000 per occurrence limit, and a $2,000,000 products and completed

operations aggregate limit. ("2007-2008 CGL Policy"). The 2007-2008 CGL Policy is attached as **Exhibit D**.

18. Citizens sold Porter-Blaine a commercial general liability policy, No. ZBR 7905525 06, for the period of November 15, 2008 to November 15, 2009 with a $2,000,000 aggregate limit, a $1,000,000 per occurrence limit, and a $2,000,000 products and completed operations aggregate limit. ("2008-2009 CGL Policy"). The 2008-2009 CGL Policy is attached as **Exhibit E**.

19. Hanover sold Porter-Blaine a commercial umbrella policy, No. UHR 7917898-01, for the period of November 15, 2005 to November 15, 2006, with a $10,000,000 per occurrence and $10,000,000 aggregate limit ("2005-2006 Umbrella Policy"). The 2005-2006 Umbrella Policy is attached as **Exhibit F**.

20. Hanover sold Porter-Blaine a commercial umbrella policy, No. UHR 7917898-02, for the period of November 15, 2006 to November 15, 2007, with a $10,000,000 per occurrence and $10,000,000 aggregate limit ("2006-2007 Umbrella Policy"). The 2006-2007 Umbrella Policy is attached as **Exhibit G**.

21. Hanover sold Porter-Blaine a commercial umbrella policy, No. UHR 7917898-03, for the period of November 15, 2007 to November 15, 2008, with a $10,000,000 per occurrence and $10,000,000 aggregate limit ("2007-2008 Umbrella Policy"). The 2007-2008 Umbrella Policy is attached as **Exhibit H**.

22. Hanover sold Porter-Blaine a commercial umbrella policy, No. UHR 7917898-04, for the term November 15, 2008 to November 15, 2009, with a $10,000,000 per occurrence and $10,000,000 aggregate limit ("2008-2009 Umbrella Policy"). The 2008-2009 Umbrella Policy is attached as **Exhibit I**.

23. The Umbrella Policies also provide coverage to Porter-Blaine in accordance with their terms and also cover the Award.

24. Dragas Management has met all of the conditions of coverage. There are no exclusions in the CGL Policies or Umbrella Policies that would preclude coverage for Dragas Management's claim.

## Count I
## (Declaratory Judgment)

25. Dragas Management incorporates by reference the allegations set forth in paragraphs 1 through 24 as if fully set forth herein.

26. Pursuant to 28 U.S.C. § 2201, Dragas Management is entitled to a declaratory judgment that, pursuant to the terms of the CGL Policies and Umbrella Policies, Citizens and Hanover owe Porter-Blaine a duty to indemnify it for the Award received by Dragas Management and that therefore Citizens and Hanover are required to pay Dragas Management the amount of the Award, including post-judgment interest and costs.

27. An actual and justiciable controversy exists between Dragas Management, Citizens and Hanover as to Hanover and Citizens' duty to indemnify Porter-Blaine and therefore to pay Dragas Management the amount of the Award, plus post-judgment interests, costs and expenses.

## Count II
## (Va. Code Ann. § 38.2-2200)

28. Dragas Management incorporates by reference the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

29. Pursuant to the Award, Dragas Management has standing under Va. Code Ann. § 38.2-2200 to bring an action directly against Defendants.

6

30. Despite notice, Defendants have refused to pay the Award, even though the Defendants' Policies provide coverage for the Award.

31. Dragas Management has been damaged by Defendants' refusal to pay the Award.

### Count III
### (Third Party Beneficiary: Va. Code Ann. § 55-22)

32. Dragas Management incorporates by reference the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33. Dragas Management, pursuant to, *inter alia*, the Award, is a third-party beneficiary of the Defendants' Policies.

34. Defendants have nonetheless refused to honor their contractual obligations vis-à-vis Dragas Management by failing to pay the Award.

35. Dragas Management has complied with any conditions or other prerequisites to payment.

36. Defendants' actions have damaged Dragas Management.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Dragas Management prays this Court enter an Order: (i) declaring that Citizens and Hanover have an obligation to indemnify Porter-Blaine for the Award and that therefore Citizens and Hanover are required to pay Dragas Management the amount of the Award; (ii) entering judgment in favor of Dragas Management in the amount of $4,933,439.90, plus post-judgment interest at the rate of six (6) percent per annum running from October 18, 2010 until paid; and (iii) awarding such further relief the Court deems appropriate.

## JURY DEMAND

Dragas Management, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands trial by jury of all issues triable in this Complaint.

DRAGAS MANAGEMENT
CORPORATION

_____
W. Edgar Spivey (VSB No. 29125)
Kristan B. Burch (VSB No. 42640)
R. Johan Conrod, Jr. (VSB No. 46765)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3343
Facsimile: (757) 624-3169
wespivey@kaufcan.com
kbburch@kaufcan.com
rjconrod@kaufcan.com
*Counsel for Dragas Management Corporation*

#1672841-v5