UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| DRAGAS MANAGEMENT CORP., | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 2:10-cv-547 |
| v. | : | |
| | : | |
| THE HANOVER INSURANCE COMPANY, | : | |
| | : | |
| and | : | |
| | : | |
| CITIZENS INSURANCE COMPANY | : | |
| OF AMERICA, | : | |
| | : | |
| Defendants. | : | |

## Answer and Defenses

Defendants Hanover Insurance Company ("Hanover") and Citizens Insurance Company of America ("Citizens") (collectively, "Defendants"), for their answer and defenses to the complaint of Dragas Management Corporation ("Dragas") state as follows:

## Nature of Action

1.     Defendants admit that an award of $4.9 million plus simple interest and certain costs was entered in favor of Dragas and against Porter-Blaine Corporation ("Porter-Blaine") in connection with the arbitration styled *Dragas Management Corp. v. The Porter-Blaine Corp.*, AAA No. 16-110-Y-00438-09 (the "Arbitration"). To the extent the allegations of this paragraph purport to characterize the terms, conditions and/or nature of the Arbitration award, they are denied. The Arbitration award is a written document, the terms of which speak for themselves. Defendants otherwise deny the allegations of this paragraph.

2.    Defendants admit the allegations of this paragraph, except to the extent the allegations purport to characterize the terms, conditions, limitations and/or exclusions of any of the referenced policies.  The policies are written contracts, the terms of which speak for themselves.

3.    The allegations of this paragraph relating to Dragas' standing to bring this action purport to state a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Defendants deny the allegations of this paragraph. Defendants deny that the Defendants' policies issued to Porter-Blaine cover the arbitration award (the "Award") obtained by Dragas.

### Jurisdiction and Venue

4.    The allegations of this paragraph purport to state a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Defendants admit that jurisdiction is proper in this Court.

5.    The allegations of this paragraph purport to state a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Defendants admit that venue is proper in this Court.

6.    Admitted.

### Parties

7.    Defendants admit, on information and belief, that Dragas is a Virginia corporation, and that Dragas is in the business of property development.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

2

8.     Defendants admit that Hanover is a corporation organized under the law of the state of New Hampshire, and maintains its principal place of business in Worcester, Massachusetts.

9.     Defendants admit that Citizens is a corporation organized under the law of the state of Michigan, but deny that Citizens' principal place of business is in Michigan. Citizens' principal place of business is located in Worcester, Massachusetts.

### Facts

### The Arbitration Award

10.     Defendants admit that Dragas filed a demand for arbitration against Porter-Blaine, based upon Porter-Blaine's alleged installation of defective Chinese-manufactured drywall in certain homes at The Hampshires and Cromwell Park developments. Defendants deny the allegations of this paragraph to the extent they purport to characterize the terms and/or allegations of the arbitration demand. The arbitration demand is a written document, the terms of which speak for themselves. Defendants admit that the installation of the drywall at issue was performed pursuant to certain subcontracts. To the extent the allegations of this paragraph purport to characterize the terms and conditions of those subcontracts, the allegations are denied. The subcontracts are written contracts, the terms of which speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph that the drywall at issue was installed after February 14, 2006.

11.     Defendants admit that an arbitration award was issued on October 7, 2010, awarding Dragas the relief described in this paragraph. By way of further response, Defendants state that the arbitration award is a written document, the terms of which speak for themselves.

12.     Defendants admit the allegations of this paragraph, on information and belief.

3

13.     Defendants admit that they issued certain contracts of insurance to Porter-Blaine, and that Porter-Blaine was defended in the Arbitration pursuant to a reservation of rights. Defendants otherwise deny the allegations of this paragraph.

14.     The allegations of this paragraph purport to state a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Defendants deny the allegations of this paragraph.

## The Insurance Policies

15.     Defendants admit that Citizens issued to Porter-Blaine Corp. and Venture Supply, Inc. as named insureds, contract of insurance number ZBR 7905525 02 for the policy period beginning on November 15, 2005 and ending on November 15, 2006 (the "2005-2006 Citizens Policy").  Defendants deny the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the foregoing policy.  The 2005-2006 Citizens Policy is a written contract, the terms of which speak for themselves. Defendants deny that Exhibit B to the complaint is a complete copy of the 2005-2006 Citizens Policy.

16.     Defendants admit that Citizens issued to Porter-Blaine Corp. and Venture Supply, Inc. as named insureds, contract of insurance number ZBR 7905525 04 for the policy period beginning on November 15, 2006 and ending on November 15, 2007 (the "2006-2007 Citizens Policy").  Defendants deny the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the foregoing policy.  The 2006-2007 Citizens Policy is a written contract, the terms of which speak for themselves. Defendants deny that Exhibit C to the complaint is a complete copy of the 2006-2007 Citizens Policy.

17.    Defendants admit that Citizens issued to Porter-Blaine Corp. and Venture Supply,

Inc. as named insureds, contract of insurance number ZBR 7905525 05 for the policy period

beginning on November 15, 2007 and ending on November 15, 2008 (the "2007-2008 Citizens

Policy"). Defendants deny the allegations of this paragraph to the extent they purport to

characterize the terms, conditions, limitations and/or exclusions of the foregoing policy. The

2007-2008 Citizens Policy is a written contract, the terms of which speak for themselves.

Defendants deny that Exhibit D to the complaint is a complete copy of the 2007-2008 Citizens

Policy.

18.    Defendants admit that Citizens issued to Porter-Blaine Corp. and Venture Supply,

Inc. as named insureds, contract of insurance number ZBR 7905525 06 for the policy period

beginning on November 15, 2008 and ending on November 15, 2009 (the "2008-2009 Citizens

Policy"). Defendants deny the allegations of this paragraph to the extent they purport to

characterize the terms, conditions, limitations and/or exclusions of the foregoing policy. The

2008-2009 Citizens Policy is a written contract, the terms of which speak for themselves.

Defendants deny that Exhibit E to the complaint is a complete copy of the 2008-2009 Citizens

Policy.

19.    Defendants admit that Hanover issued to Porter-Blaine Corporation and Venture

Supply, Inc. as named insureds, contract of insurance number UHR7917898-01, covering the

policy period beginning on November 15, 2005 and ending on November 15, 2006 (the "2005-

2006 Hanover Policy"). Defendants deny the allegations of this paragraph to the extent they

purport to characterize the terms, conditions, limitations or exclusions of the policy. The policy

is a written document, the terms of which speak for themselves. Defendants admit that Exhibit F

to the complaint appears to be a copy of the 2005-2006 Hanover Policy, but state further that a certified copy of that policy will be produced in discovery in this action.

20. Defendants admit that Hanover issued to Porter-Blaine Corporation and Venture Supply, Inc., contract of insurance number UHR7917898-02, covering the policy period beginning on November 15, 2006 and ending on November 15, 2007 (the "2006-2007 Hanover Policy"). Defendants deny the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations or exclusions of the policy. The policy is a written document, the terms of which speak for themselves. Defendants admit that Exhibit G to the complaint appears to be a copy of the 2006-2007 Hanover Policy, but state further that a certified copy of that policy will be produced in discovery in this action.

21. Defendants admit that Hanover issued to Porter-Blaine Corporation and Venture Supply, Inc. as named insureds, contract of insurance number UHR7917898-03, covering the policy period beginning on November 15, 2007 and ending on November 15, 2008 (the "2007-2008 Hanover Policy"). Defendants deny the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations or exclusions of the policy. The policy is a written document, the terms of which speak for themselves. Defendants admit that Exhibit H to the complaint appears to be a copy of the 2007-2008 Hanover Policy, but state further that a certified copy of that policy will be produced in discovery in this action.

22. Defendants admit that Hanover issued to Porter-Blaine Corporation and Venture Supply, Inc. as named insureds, contract of insurance number UHR7917898-04, covering the policy period beginning on November 15, 2008 and ending on November 15, 2009 (the "2008-2009 Hanover Policy"). Defendants deny the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations or exclusions of the policy. The policy

is a written document, the terms of which speak for themselves.  Defendants admit that Exhibit I
to the complaint appears to be a copy of the 2008-2009 Hanover Policy, but state further that a
certified copy of that policy will be produced in discovery in this action.

      23.     Defendants admit that the policies issued by Hanover to Porter-Blaine and
Venture Supply provide Porter-Blaine with certain insurance coverage, as defined and limited in
those policies.  Defendants deny the allegations of this paragraph to the extent they purport to
characterize the terms, conditions, limitations and/or exclusions of the policies.  The policies are
written contracts, the terms of which speak for themselves.  Defendants deny that the policies
"cover the Award."

      24.     Denied.

**Count I**
**(Declaratory Judgment)**

      25.     Defendants incorporate here as if set forth at length the foregoing paragraphs 1
through 24.

      26.     Denied.

      27.     Defendants admit that an actual and justiciable controversy exists, but otherwise
deny the allegations of this paragraph and deny that Dragas is entitled to the relief sought in this
action.

**Count II**
**(Va. Code Ann. § 38.2-2200)**

      28.     Defendants incorporate here as if set forth at length the foregoing paragraphs 1
through 27.

7

29.     The allegations of this paragraph purport to state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed to be required, the allegations of this paragraph are denied.

30.     Defendants admit that they have not paid the Award and disclaim any obligation to do so, but otherwise deny the allegations of this paragraph.

31.     Denied.

**Count III**
**(Third Party Beneficiary: Va. Code Ann. § 55-22)**

32.     Defendants incorporate here as if set forth at length the foregoing paragraphs 1 through 31.

33.     The allegations of this paragraph purport to state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed to be required, the allegations of this paragraph are denied.

34.     Defendants admit that they have not paid the Award and disclaim any obligation to do so.

35.     Denied.

36.     Denied.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The complaint fails to state a claim on which relief may be granted.

**Second Affirmative Defense**

Dragas is not entitled to any recovery to the extent it cannot meet its burden of proving that the Award is for "property damage" that took place during the policy period of the policies issued by Defendants to Porter-Blaine and Venture Supply.

8

### Third Affirmative Defense

Dragas is not entitled to any recovery to the extent it cannot meet its burden of proving that the Award is for "property damage" that was caused by an "occurrence."

### Fourth Affirmative Defense

Coverage for the Award is barred by the "contractual liability" exclusion in the Defendants policies issued to Porter-Blaine and Venture Supply.

### Fifth Affirmative Defense

Coverage for the Award is barred by pollution exclusions in the Defendants policies issued to Porter-Blaine and Venture Supply.

### Sixth Affirmative Defense

Coverage for the Award is barred by the exclusion for property damage to that particular part of real property on which the named insured or any contractors or subcontractors working directly or indirectly on the named insured's behalf are performing operations, if the property damage arises out of those operations.

### Seventh Affirmative Defense

Coverage for the Award is barred by the exclusion for property damage to that particular part of any property that must be restored, repaired or replaced because the named insured's work was incorrectly performed on it.

### Eighth Affirmative Defense

Coverage for the Award is barred by the exclusion for property damage to "your product" arising out of it or any part of it.

### Ninth Affirmative Defense

Coverage for the Award is barred by the exclusion for "damage to your work."

### Tenth Affirmative Defense

Coverage for the Award is barred by the exclusion for "damage to impaired property or property not physically injured."

### Eleventh Affirmative Defense

Coverage for the Award, if any, is subject to the "other insurance" clauses of the subject policies and the availability of other insurance.

### Twelfth Affirmative Defense

Coverage for the Award is barred by the "fungi or bacteria exclusion."

### Thirteenth Affirmative Defense

Coverage for the Award is barred by the exclusion for loss, cost or expense arising out of the recall of products, work or impaired property.

### Fourteenth Affirmative Defense

Coverage for the Award is barred by the exclusion for "designated operations covered by a consolidated (wrap-up) insurance program" if such a program was provided in connection with the named insured's work giving rise to the alleged claims against Dragas.

### Additional Defenses

Coverage for the Award may be barred or limited for additional reasons that cannot presently be identified due to the generality of the complaint and the absence of discovery. Defendants reserve their rights to amend and/or supplement their defenses as discovery and investigation continue.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Dragas:

(a) dismissing the complaint with prejudice;

(b) awarding Defendants their fees and costs in this action; and

(c) awarding Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,


_____/s/_____

Thomas S. Garrett
VSB No. 73790
Counsel for Hanover Insurance Company
and Citizen's Insurance Company of America
Harman, Claytor, Corrigan & Wellman, P.C.
P.O. Box 70280
Richmond, Virginia  23255
Phone: 804-747-5200
Fax: 804-747-6085
tgarrett@hccw.com

and

John P. Malloy
(*pro hac vice* motion to be filed)
Counsel for Hanover Insurance Company
and Citizen's Insurance Company of America
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Phone:  860-275-8200
Fax:  860-275-8299
jmalloy@rc.com

**CERTIFICATE**

I certify that on this 30th day of November 2010, I filed the foregoing electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

W. Edgar Spivey, Esq.
Kristan B. Burch, Esq.
R. Johan Conrod, Jr., Esq.
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
*Counsel for Plaintiff Dragas Management Corporation*

/s/
_____
Thomas S. Garrett
VSB No. 73790
Counsel for Hanover Insurance Company
and Citizen's Insurance Company of America
Harman, Claytor, Corrigan & Wellman, P.C.
P.O. Box 70280
Richmond, Virginia 23255
Phone: 804-747-5200
Fax: 804-747-6085
tgarrett@hccw.com