IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

DRAGAS MANAGEMENT CORP.,

Plaintiff,

v.

THE HANOVER INSURANCE COMPANY,

and

CITIZENS INSURANCE COMPANY OF AMERICA,

Defendants.

Civil Action No. 2:10-cv-547

**PROPOSED FINAL PRETRIAL ORDER**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Rule 16(b) Scheduling Order entered on February 3, 2011, Dragas Management Corporation ("Dragas") and Hanover Insurance Company and Citizens Insurance Company of America (collectively, "Hanover") submit the following Proposed Final Pretrial Order:

## (1) STIPULATION OF UNDISPUTED FACTS

The following facts are stipulated by the parties as undisputed for purposes of this action only:

1. Dragas Management Corporation ("Dragas") is a company that, on its own or in conjunction with related companies, builds residential homes in the Hampton Roads area.

2. Dragas was the general contractor for two local, multi-unit housing developments, The Hampshires at Greenbrier and Cromwell Park.

3. Dragas subcontracted Porter-Blaine Corp. ("Porter-Blaine") to supply and install the drywall in the homes at the The Hampshires and at Cromwell Park.

Some of the drywall that was installed in the homes at the Hampshires and Cromwell Park was manufactured in China.

4. ~~Porter-Blaine hired other subcontractors to install the drywall in the homes on behalf of Porter-Blaine.~~

5. ~~Porter-Blaine, through its subcontractors, installed drywall that was manufactured in China in some of the homes.~~

6. The homes at The Hampshires and at Cromwell Park where Chinese drywall was installed are listed on Joint Exhibit 1. The 74 homeowners' names, addresses and dates referenced on Joint Exhibit 1 are true and accurate. This exhibit shows the dates that certificates of occupancy were issued for each of the homes. The exhibit also shows the closing dates on the purchase of the homes. The homebuyers moved into the homes on or about the closing dates.

7. The Chinese drywall in the homes was defective and caused property damage to certain other components of the homes where it was installed and to certain personal property of the residents of the homes. For example, it corroded HVAC coils, damaged the wiring of appliances such as TVs and microwaves, and caused items made out of silver or copper to tarnish or corrode. Some homeowners also complained of bad odors from the Chinese Drywall.

8. Reduced sulfur gases (hydrogen sulfide, carbon disulfide, and/or carbonyl sulfide) caused the corrosion, tarnishing, blackening and pitting of metal components in the Homes such as electrical wiring, natural gas supply lines, plumbing fixtures, electrical connectors and HVAC coils and bad smells in the Homes.

9. The Chinese drywall installed in the Homes had elevated concentrations of elemental sulfur (approximately 375 times greater than that of representative samples of domestic-manufactured drywall).

10. After discovering the Chinese drywall problem, Dragas asked Porter-Blaine to fix the problem, but Porter-Blaine refused.

11. Dragas fixed the Chinese drywall damage by tearing out the drywall and replacing it with new drywall and by repairing or replacing the other property that had been damaged by the Chinese drywall.

12. The documents marked Dragas Exhibits 72 and 89 are accurate and authentic summary of the amounts that Dragas spent to fix the Chinese drywall damage.

13. Because Porter-Blaine would not pay Dragas these amounts, Dragas filed a claim against Porter-Blaine in arbitration seeking to recover the money it spent fixing the Chinese drywall damage. An arbitration claim is like a lawsuit except it is heard by a private arbitrator who acts as the judge and jury in the proceeding.

14. After an arbitration proceeding that included a hearing before the arbitrator where witnesses testified and the lawyers for each side made arguments, the arbitrator awarded Dragas

$4.9 million in damages against Porter-Blaine. Dragas then exercised its legal right to have the arbitration award converted into a legal judgment. The Circuit Court for the City of Virginia Beach converted the arbitration award into a judgment against Porter-Blaine for $4.9 million. Therefore, as of today, Dragas has a final judgment from the Circuit Court of the City of Virginia Beach against Porter-Blaine in the amount of $4.9 million.

15. Porter-Blaine has never paid any part of this judgment and claims it has no assets to pay it.

16. Hanover Insurance Company ("Hanover") and Citizens Insurance Company of America ("Citizens") are Porter-Blaine's insurance companies. They each issued insurance policies to Porter-Blaine starting in November 2005. .

17. The insurance policies issued to Porter-Blaine by Hanover and Citizens are as follows:

| | |
|---|---|
| A. | Citizens Commercial General Liability Policy No. ZBR 7905525-02 (2005-06) |
| B. | Citizens Commercial General Liability Policy No. ZBR 7905525 04 (2006-07) |
| C. | Citizens Commercial General Liability Policy No. ZBR7905525 05 (2007-08) |
| D. | Citizens Commercial General Liability Policy No. ZBR 7905525 06 (issued 11/15/08) |
| E. | Hanover Excess/Umbrella Policy No. UHR 7917898-01 (eff. 11/15/05) |
| F. | Hanover Commercial Umbrella Policy No. UHR 7917898-02 (2006- 07) |
| G. | Hanover Commercial Umbrella Policy No. UHR 7917898-03 (2007- 08) |
| H. | Hanover Commercial Umbrella Policy No. UHR 7917898-04 (2008- 09) |

18. Since Porter-Blaine has not paid Dragas any part of the $4.9 million judgment that Dragas recovered against Porter-Blaine, by this proceeding, Dragas seeks to hold Hanover and Citizens responsible for paying the $4.9 million judgment through the insurance policies that Hanover and Citizens issued to Porter-Blaine.

**(2) IDENTIFICATION OF DOCUMENTS, SUMMARIES OF OTHER EVIDENCE, AND OTHER JOINT EXHIBITS IN ACCORDANCE WITH RULE 26(A)(3)(A)(III) TO WHICH THE PARTIES AGREE**

| Joint Ex. No. | Description |
|---|---|
| 1 | Chart of Homeowners for the Hampshires and Cromwell Park whose Homes had Chinese drywall |

## (3) IDENTIFICATION OF EXHIBITS LISTED BY EACH PARTY, WITH OBJECTIONS BY OPPOSING PARTY NOTED

**Dragas Exhibits**

| Dragas Exh. No. | Description | |
|---|---|---|
| 1. | Judgment Order against Porter-Blaine Corporation entered 11/12/10 in the Circuit Court for the City of Norfolk, Dragas Management Corporation v. Porter-Blaine Corporation with attached Award of Arbitrator dated 10/07/10 | |
| 2. | Joint Arbitration Stipulations of the Porter-Blaine Corporation and Dragas Management Corporation, AAA Case No. 16 110 Y 00438 09 | Objection. Defendants were not a party to the arbitration or the stipulation. |
| 3. | Complete Record in the arbitration between Dragas Management Corp. and Porter-Blaine Corp., including without limitation all pleadings, hearing transcripts, stipulations, awards, orders, written responses to discovery, deposition transcripts and exhibits | Objection. Overly broad and insufficiently specific. |
| 4. | Hanover/Citizens Commercial General Liability Policy No. ZBR 7905525-02 (2005-06) | |
| 5. | Hanover/Citizens Commercial General Liability Policy No. ZBR 7905525 04 (2006-07) | |
| 6. | Hanover/Citizens Commercial General Liability Policy No. ZBR7905525 05 (2007-08) | |
| 7. | Hanover Commercial General Liability Policy No. ZBR 7905525 06 (issued 11/17/08) | |
| 8. | Hanover Excess/Umbrella Policy No. UHR 7917898-01 (eff. 11/15/05) | |
| 9. | Hanover Commercial Umbrella Policy No. UHR 7917898-02 (2006- 07) | |
| 10. | Hanover Commercial Umbrella Policy No. UHR 7917898-03 (2007- 08) | |
| 11. | Hanover Commercial Umbrella Policy No. UHR | |

Reserved

Reserved

| Dragas Exh. No. | Description | |
|---|---|---|
| | 7917898-04 (2008- 09) | |
| 12. | 03/03/09 letter from William Makimoto to Samuel G. Porter re: follow-up to prior letter dated 02/12/09 | Objection. Relevance. |
| 13. | Fax cover sheet and letter dated 07/31/09 from John P. Malloy, Esq. to Matthew L. Jacobs, Esq. re: "Chinese Drywall" claims (DRAGAS/BMIC 100485-491) | Objection. Relevance. |
| 14. | Subcontractor files, including EV 001058-001927 and H2133-H2153; Porter-Blaine response to interrogatory no. 1 in arbitration | Objection. Relevance; hearsay. |
| 15. | 05/05/11 report prepared by Materials Analysis Group, Inc. entitled "Copper U-Bend Surface Examination and Analysis" | |
| 16. | 12/05/08 Columbia Analytical Services Laboratory Report (DRAGAS 000030-37) | |
| 17. | 01/21/09 Brandywine Research Laboratory Report (DRAGAS 000038-45) | |
| 18. | 02/04/09 Columbia Analytical Services Laboratory Report (DRAGAS 000046-103) | |
| 19. | 02/12/09 Columbia Analytical Services Laboratory Report DRAGAS 403678-687) | |
| 20. | 02/18/09 McKee Environmental Testing Report (DRAGAS 403688- 699) | |
| 21. | 3/17/09 Corrosion Testing Laboratories, Inc. Analysis (DRAGAS 000116-124) | |
| 22. | March 2009 Corrosion Testing Laboratories, Inc. Analysis (DRAGAS 000125-132) | |
| 23. | 10/23/09 Columbia Analytical Services Laboratory Report | |

Reserved

| Dragas Exh. No. | Description | |
|---|---|---|
| | (DRAGAS 000133-153) | |
| 24. | 02/19/10 Columbia Analytical Services Laboratory Report (DRAGAS 404001-006) | |
| 25. | 02/06/10 Material Analysis Group Copper Tube Corrosion Analysis (DRAGAS 404007-040) | |
| 26. | Home Inspection Sheets Completed by Home Inspectors for Units with Chinese Drywall (see summary sheet previously produced for Bates nos.) | Objection.  Insufficiently identified. |
| 27. | Home Inspection Sheets Completed by Home Inspectors for Units Without Chinese Drywall (see summary sheet previously produced for Bates nos.) | Objection.  Insufficiently identified. |
| 28. | Chart with date remediation agreements signed, approximate dates of remediation and acceptance dates (Exhibit C to Kokoska Declaration; Ex. 4 to Amended Counterclaim) | |
| 29. | Remediation Agreements and Addenda Signed by Homeowners (see summary sheet previously produced for Bates nos.) | Objection.  Insufficiently identified. |
| 30. | Dragas Inspection Reports completed by Dragas Management Corporation (see summary sheet previously produced for Bates nos.) | Objection.  Insufficiently identified. |
| 31. | Subcontract with Porter-Blaine for The Hampshires (DRAGAS 200501-504; 200505) | |
| 32. | Assignment dated 01/01/07 for the Hampshires (DRAGAS 200512) | Objection.  Relevance. |
| 33. | General Contract Agreement Between Owner and Contractor dated 01/01/07 (DRAGAS 500001-007) | Objection.  Relevance. |
| 34. | Subcontracts for Cromwell Park (DRAGAS 200513-528) | |
| 35. | Assignment dated 03/10/09 for Cromwell Park (DRAGAS 200601) | Objection.  Relevance. |

Reserved

Reserved

Reserved

Reserve

| Dragas Exh. No. | Description | |
|---|---|---|
| 36. | Hampshires Construction Drawings (DRAGAS 400002-025) | |
| 37. | Cromwell Park Construction Drawings (DRAGAS 400027-059) | |
| 38. | Samples of Hampshires Sales Contracts and Warranties (DRAGAS 403332-403374) | |
| 39. | Cromwell Park Sales Contracts and Warranties (DRAGAS 403234- 331) | |
| 40. | Remediation Bid Files (DRAGAS 400381-512) | |
| 41. | Materials Listing for Cromwell Park and Hampshires (DRAGAS 403961-999) | |
| 42. | List of Hampshires and Cromwell Park Homeowners with Closing Dates (DRAGAS 403947-949) | |
| 43. | Email chain dated 01/24/07 with attachments from Patsy Holland to Stephanie Evangelista re: assignment letter (DRAGAS/BMIC 000108-119) | Objection. Relevance; hearsay. |
| 44. | Contract and Insurance Update dated 01/26/07 (DRAGAS/BMIC 000121) | Objection; Relevance; hearsay. |
| 45. | Scopes of Work for Hampshires Drywall Remediation (DRAGAS 403952-957) | |
| 46. | Subcontracts for the remediation work for The Hampshires (DRAGAS 400142-274; DRAGAS 403925) | |
| 47. | Subcontracts for the remediation work for Cromwell Park (DRAGAS 400276-379) | |
| 48. | Scope of work for the remediation listed in expert disclosures for J. Buckley/supplemental discovery answers (Cl. Arbitration Ex. 33) | Objection. Document appears to be incomplete. |
| 49. | Remediation Schedule as of 05/09/09 (DRAGAS 403958-959, 403709-710) | Objection. Document appears to be incomplete. |
| 50. | Form Chronology by Day for Remediation | Objection. Relevance. |

| Dragas Exh. No. | Description | |
|---|---|---|
| | Work (DRAGAS 402459) | |
| 51. | Hampshires Square Footage by Model Type (DRAGAS 403950) | Objection. Hearsay |
| 52. | Cromwell Park Square Footage by Model Type (DRAGAS 403951) | Objection. Hearsay |
| 53. | ID Maps (DRAGAS 401196-201) | |
| 54. | Map and Photos from 7 Units (Hampshires and Cromwell Park) (DRAGAS 401203-215) | |
| 55. | Affidavit of Brenda Giordano dated 02/11/09 (DRAGAS 401182-185) | |
| 56. | Affidavit of Brenda Giordano dated 02/11/09 (DRAGAS 401186-188) | |
| 57. | Affidavit of Brenda Giordano dated 03/26/09 (DRAGAS 401171-176) | |
| 58. | Affidavit of Brenda Giordano dated 04/01/09 (DRAGAS 401177-181) | |
| 59. | Affidavit of Brenda Giordano dated 04/06/09 (DRAGAS 401166-170) | |
| 60. | Affidavit of Brenda Giordano dated 06/25/09 (DRAGAS 401143-164) | |
| 61. | Affidavit of Brenda Giordano dated 09/09/10 (DRAGAS/BMIC 400755-61) | |
| 62. | Dragas Questions and Answers Sheets (DRAGAS 401181A-181B) | |
| 63. | Letter dated 03/10/09 from Helen Dragas to homeowners (DRAGAS 313790-791) | |
| 64. | Email Chain dated 3/23/09 re: Elderly and children in Chesapeake being affected by "Chinese drywall" (DRAGAS 401402-09) | Objection. Hearsay; relevance |
| 65. | Letter dated 01/28/10 from Neal S. Cohen, U.S. CPSC, to W. Edgar Spivey, Esq. re: inspection/collection of items in homes with Chinese drywall (DRAGAS 401524A-B) | |

Reserved

Reserved

| Dragas Exh. No. | Description | |
|---|---|---|
| 66. | Notes of John Buckley (DRAGAS 403155-232) | |
| 67. | Handwritten notes of John Buckley from 03/16/09 meeting with insurance carriers (DRAGAS/BMIC 100709) | |
| 68. | Notes of Brian Kokoska (DRAGAS 403712-899) | |
| 69. | Notes of Brian Kokoska (D1ZAGAS/BMIC 401290-376) | |
| 70. | Damages Summary from Answer to Interrogatory No. 3 (Cl. Arbitration Ex. 73) | |
| 71. | Damages Summary from Answer to Interrogatory No. 13 propounded by BMIC | |
| 72. | Hampshires Summary Detail Report (DRAGAS 116877A-877D) | |
| 73. | Updated Hampshires Summary Detail Report (DRAGAS/BMIC 200001-6) | |
| 74. | Hampshires Drywall Unit Inspections for Negative Units (DRAGAS 111003-019,114031, 116429) | |
| 75. | Hampshires Drywall Unit Inspections, GL Detail (DRAGAS 111078- 082 | |
| 76. | HVAC Warranty Items Paid in 2007 (DRAGAS 111024-039) | |
| 77. | HVAC/Air Testing Warranty Items Paid in 2008 (DRAGAS 111040- 067) | |
| 78. | HVAC/Air Testing Warranty Items Paid in 2009 (DRAGAS 111068, 114811-814, 114816-822) | |
| 79. | Warranty Items Paid in 2009 (DRAGAS 111069-074, 114815) | |
| 80. | Kofroth Settlement Agreement (DRAGAS 201136-144) | |
| 81. | Kofroth $2,500 Payment (DRAGAS 111075- | |

| Dragas Exh. No. | Description | |
|---|---|---|
| | 077) | |
| 82. | Temporary Labor, Site Work (DRAGAS 114796-804) | Objection. Hearsay; relevance; authenticity. |
| 83. | Trash Removal Services (DRAGAS 114805-809) | Objection. Hearsay; relevance; authenticity. |
| 84. | Miscellaneous Field Overhead (DRAGAS 114810) | Objection. Hearsay; relevance; authenticity |
| 85. | Miscellaneous (DRAGAS 114823) | Objection. Hearsay; relevance; authenticity |
| 86. | Job Cost Summary for Hampshires (DRAGAS 117060-189) | Objection. Hearsay; relevance; authenticity |
| 87. | Job Cost Detail for Hampshires (DRAGAS 114183-795, 117814-995, 116878-7059) | Objection. Hearsay; relevance; authenticity |
| 88. | Job Cost Summary Report (DRAGAS/BMIC 200382-497) | Objection. Hearsay; relevance; authenticity |
| 89. | Cromwell Park Summary Detail (DRAGAS 116877E) | Objection. Hearsay; relevance; authenticity |
| 90. | Updated Cromwell Park Summary Detail (DRAGAS/BMIC 200007-8) | Objection. Hearsay; relevance; authenticity |
| 91. | Cromwell Park Drywall Inspections - Negative Units (DRAGAS 111218-224, 116187, 116431) | Objection. Hearsay; relevance; authenticity |
| 92. | Cromwell Park Drywall Unit Inspections, GL Detail (DRAGAS 116263) | Objection. Hearsay; relevance; authenticity |
| 93. | Job Cost Summary for Cromwell Park (DRAGAS 116188-206) | Objection. Hearsay; relevance; authenticity |
| 94. | Job Cost Detail for Cromwell Park (DRAGAS 116207-262) | Objection. Hearsay; relevance; authenticity |
| 95. | Tax Planning and Consulting (DRAGAS 111114-115) | Objection. Hearsay; relevance; authenticity |
| 96. | Air Testing (DRAGAS 111083-113, 114824-829) | Objection. Hearsay; relevance; authenticity |
| 97. | Marketing America (DRAGAS 111124-136) | Objection. Hearsay; |

Reserved

| Dragas Exh. No. | Description | |
|---|---|---|
| | | relevance; authenticity |
| 98. | Ronald Reid (DRAGAS 111137-138) | Objection. Hearsay; relevance; authenticity |
| 99. | Dragas Management Direct Labor (DRAGAS 116432-434) | Objection. Hearsay; relevance; authenticity |
| 100. | Miscellaneous (DRAGAS 111116-122, 111139-167) | Objection. Hearsay; relevance; authenticity |
| 101. | Builders Risk Reconciliation (DRAGAS 114833-842) | Objection. Hearsay; relevance; authenticity |
| 102. | Account Transfers for 2010 (DRAGAS 116769-771) | Objection. Hearsay; relevance; authenticity |
| 103. | Account Transfers for 2011 (DRAGAS/BMIC 200498-513) | Objection. Hearsay; relevance; authenticity |
| 104. | Pages from General Ledger of Hampshires Associates, LC (DRAGAS 600001, 600100-105, 600147, 600564-71, 600573, 600855-58, 600860, 601091-601095) | Objection. Hearsay; relevance; authenticity |
| 105. | Pages from General Ledger of Dragas Management Corporation (DRAGAS 601486, 601817-20, 602514, 602791-93, 604883, 606544, 606569) | Objection. Hearsay; relevance; authenticity |
| 106. | Checks, receipts, and deposits related to remediation (DRAGAS/BMIC 200009-49) | |
| 107. | Hampshires Drywall Vendor Payables for 4/1/10-11/15/10 (DRAGAS/BMIC 200078-294) | Objection. Hearsay; relevance; authenticity |
| 108. | Hampshires Drywall Vendor Payables for 4/1/10-11/15/10 (DRAGAS/BMIC 200295-381) | Objection. Hearsay; relevance; authenticity |
| 109. | Cromwell Park Drywall Vendor Payables for 4/1/10-11/15/10 (DRAGAS/BMIC 200050-072) | Objection. Hearsay; relevance; authenticity |
| 110. | Cromwell Park Drywall Vendor Payables for 4/1/10-11/15/10 (DRAGAS/BMIC 200073-077) | Objection. Hearsay; relevance; authenticity |

Reserved

Reserved

| Dragas Exh. No. | Description | | |
|---|---|---|---|
| 111. | Correspondence dated 09/15/08 from John Buckley to Hampshires at Greenbrier Homeowners re: Smith & Keene/Goodman Company (DRAGAS 403910-911) | | |
| 112. | Correspondence dated 06/17/09 from Goodman Air Conditioning & Heating to Superior Equipment (DRAGAS 403398) | Objection; Hearsay; relevance. | Reserved |
| 113. | Email dated 11/06/08 from Brian Kokoska to Eric McKee re: Lab Info (DRAGAS 317823) | | |
| 114. | Email dated 12/05/08 from Brian Kokoska to Michael Tuday re: Sulfur Compound Scan Results (DRAGAS 317849) | | |
| 115. | Email Chain dated 12/19/08 from Brian Kokoska to Jeanette re: Air Filter Test - Dragas (DRAGAS 402745) | | |
| 116. | Email Chain dated 01/06/09 from Brian Kokoska to John Buckley re: Chinese Drywall (DRAGAS 402541) | | |
| 117. | Email Chain dated 01/06/09 from John Buckley to Brian Kokoska re: Copper (DRAGAS 317877-878) | | |
| 118. | Correspondence dated 01/07/09 from Samuel Porter to Brian Kokoska; Facsimile dated 1/27/09 from Samuel Porter to John Buckley (DRAGAS 200933-993) | Objection; Hearsay; relevance. | Reserved |
| 119. | Email Chain dated 01/07/09 from John Buckley to Brian Kokoska re: CAS (DRAGAS 402538-539) | | |
| 120. | Email dated 01/13/09 from Brian Kokoska to John Buckley re: Drywall (DRAGAS 401261) | Objection; Hearsay; relevance. | Reserved |
| 121. | Meeting Notes 01/19/09 re: Odor Issue at 1504 Penton Mews (DRAGAS 201131-132) | | |
| 122. | Correspondence dated 01/20/09 from Dawn Kofroth to Dragas Companies re: 01/19/09 Meeting (DRAGAS 317897-899) | | |
| 123. | Email with Attachment dated 01/21/09 from | Objection; Hearsay; | Reserved |

| Dragas Exh. No. | Description | |
|---|---|---|
| | Kristan B. Burch, Esq. to Helen Dragas re: Lennar Admits to Chinese Drywall Problems - South Florida Business Journal (DRAGAS 201085-087) | relevance. |
| 124. | Media Statement by Knauf dated 01/28/09 (DRAGAS 401708) | Objection; Hearsay; relevance. |
| 125. | Email with Attachment dated 01/30/09 from John Buckley to Kristan B. Burch, Esq. re: MSNBC-Lennar, Environ. Test Report Link Below (DRAGAS 201088-1107) | Objection; Hearsay; relevance. |
| 126. | Email dated 02/03/09 from Helen Dragas to Kristan B. Burch, Esq., *et al.* re: Not Sure if These Made the Rounds Yet (DRAGAS 401258) | |
| 127. | Letter dated 2/3/09 from C. Boyle (DRAGAS 301031) | |
| 128. | Email dated 02/05/09 from Kristan B. Burch, Esq. to Helen Dragas, *et al.* re: Dragas, Lawsuit Filed by Lennar (DRAGAS 200623-728) | Objection; Hearsay; relevance. |
| 129. | Email dated 02/05/09 from Kristan B. Burch, Esq. to Helen Dragas, *et al.* re: Dragas/General, Class Action Complaint (DRAGAS 200729-753) | Objection; Hearsay; relevance. |
| 130. | Correspondence with Enclosures dated 02/10/09 from Kristan B. Burch, Esq. to Barry J. Dorans, Esq. (DRAGAS 200994-1060) | Objection; Hearsay; relevance. |
| 131. | Correspondence dated 02/11/09 from Barry J. Dorans, Esq. to Kristan B. Burch, Esq. (DRAGAS 200422-423) | Objection; Hearsay; relevance. |
| 132. | Test results for receptacles and ground wires - with photos/information acquired 02/12/09 (DRAGAS/BMIC 401395-398) | Objection. Incomplete document. |
| 133. | Email dated 02/13/09 from Sally Horvath to Helen Dragas, *et al.* re: Remax Agents (DRAGAS/BMIC 401377) | Objection; Hearsay; relevance. |

Reserved

Reserved

| Dragas Exh. No. | Description | |
|---|---|---|
| 134. | Email chain dated 02/13/09 with attachment from Sally Horvath re: Real Estate Information - Jorge Gonzalez RE/MAX Real Estate for Sale (DRAGAS/BMIC 401378-386) | Objection; Hearsay; relevance. |
| 135. | Letter dated 02/16/09 from L. Piersawl (DRAGAS 308106-07) | |
| 136. | 02/17/09 Complaints from O. Ryan (DRAGAS 316266-67) | Objection; relevance; authentication; hearsay. |
| 137. | Email dated 02/23/09 from John Buckley to Helen Dragas, *et al.* re: Hampshires: Questions from Residents (DRAGAS 200754-755) | |
| 138. | Sign In Sheet for Regular Meeting of Board of Directors of Hampshires on 02/23/09 (DRAGAS 402345-348) | |
| 139. | Email Chain dated 02/25/09 from Preston Bass to John Buckley re: Electrical Fixtures (DRAGAS 402517) | |
| 140. | Email Chain dated 02/26/09 from John Buckley to David Buckley re: Plumbing (DRAGAS 402324) | |
| 141. | Email dated 02/26/09 from John Buckley to Kristan B. Burch, Esq., re: Daniel Robbins (DRAGAS 200756-757) | |
| 142. | Correspondence dated 02/26/09 from Robin Diehl to Helen Dragas (DRAGAS 200437-441) | |
| 143. | Email Chain dated 03/02/09 from John Buckley to David Buckley, *et al.* re: Furnaces (DRAGAS 402500-502) | |
| 144. | Email Chain dated 03/06/09 from David Buckley to Brian Kokoska, *et al.* re: Electrical/Structured/Plumbing Loose Ends (DRAGAS 402516) | |
| 145. | Email Chain dated 03/06/09 from John Buckley to Sally Horvath, *et al.* re: Updated on HG | |

Reserved

Reserved

| Dragas Exh. No. | Description | |
|---|---|---|
| | Building 27 (DRAGAS 402531) | |
| 146. | Letter dated 3/10/09 from H. Dragas (DRAGAS 313790-91) | |
| 147. | Email Chain dated 03/11/09 from David Buckley to John Buckley, *et al.* re: HGDW - HVAC (DRAGAS 402308-309) | |
| 148. | Email dated 03/12/09 from John Buckley to Brian Kokoska re: Lennar-Cleaning, Inspection, Sampling (DRAGAS 200758-759) | |
| 149. | 03/12/09 email from John Buckley to Helen Dragas, Kristan B. Burch, Esq. re: H-DW-owner meeting (DRAGAS 306524) | |
| 150. | 03/12/09 email from John Buckley to Kristan B. Burch, Esq., *et al.* re: Diehl 3-12-09 (DRAGAS 301664-665) | |
| 151. | Email dated 03/13/09 from Kristan B. Burch, Esq. to Helen Dragas, *et al.* re: Dragas/Drywall - Call with Richard Serpe (DRAGAS/BMIC 401422) | Objection; Hearsay; relevance. |
| 152. | Email dated 03/13/09 from John Buckley to Kristan B. Burch, Esq., *et al.* re: ID-Retrospective of Story Breaking in Fla. (DRAGAS 200620- 622) | Objection; Hearsay; relevance. |
| 153. | Email dated 03/13/09 from John Buckley to Brian Kokoska (DRAGAS 401260) | Objection; Hearsay; relevance. |
| 154. | Lennar's Work Authorization Agreement (DRAGAS 201108-112) | Objection; Hearsay; relevance. |
| 155. | Emails dated 3/16/09 from J. Jarvis (114) (DRAGAS 304396-99) | Objection; Hearsay; relevance; incomplete document. |
| 156. | Email Chain dated 03/16/09 from Preston Bass to John Buckley re: Fireplaces HGDW (DRAGAS 402515) | Objection; Hearsay; relevance; incomplete document. |
| 157. | 03/21/09 email from Sally Horvath to Helen Dragas, John Buckley, Kristan B. Burch, Esq. | |

Reserved

| Dragas Exh. No. | Description | |
|---|---|---|
| | re:  Maheu (DRAGAS 306074-075) | |
| 158. | Email chain dated 03/25/09 from Hipolito Camacho to Sally Horvath re:  Dragas Homes Toxic Drywall Meeting Tonight! (DRAGAS/BMIC 401399-400) | Objection; Hearsay; relevance. |
| 159. | Email Chain with Attachments dated 04/07/09 from John Buckley to Brian Kokoska, *et al.* re: Here is the Chemical Test from Florida (DRAGAS 200529-600) | Objection; Hearsay; relevance. |
| 160. | Email Chain dated 04/08/09 from Mike Saewitz to Donna Ponti (DRAGAS 401420) | Objection; Hearsay; relevance. |
| 161. | Fliers from homeowners for April 24, 2009 meeting (DRAGAS 307591-92) | Objection; Hearsay; relevance. |
| 162. | Email chain dated 04/27/09 from Kristan B. Burch, Esq. to Helen Dragas re: Dragas/Johnson (DRAGAS/BMIC 401427) | Objection; Hearsay; relevance. |
| 163. | Email with Attachment dated 05/06/09 from John Buckley to Helen Dragas, *et al.* re: Emailing: Process Developed to Remove Toxic and Corrosive Compounds Resulting from Chinese Drywall (DRAGAS 401748-750) | Objection; Hearsay; relevance. |
| 164. | Email Chain dated 05/13/09 from Brian Kokoska to Preston Bass re:  Mirror Tracks (DRAGAS 402485) | |
| 165. | 05/22/09 email from Sally Horvath to Helen Dragas, John Buckley re:  Chris Potter (DRAGAS 307564-565) | |
| 166. | May 2009 Notices re:  meetings on Chinese drywall (DRAGAS/BM1C 401401-402) | Objection; Hearsay; relevance. |
| 167. | 06/16/09 email from John Buckley to Sally Horvath, Helen Dragas, Kristan B. Burch, Esq. re:  Crump (DRAGAS 301198) | Objection; Hearsay; relevance. |
| 168. | Email Chain dated 07/27/09 from John Buckley to Sally Horvath, *et al.* re:  Chinese Drywall Leaving Home Toxic After Its Removed (DRAGAS 402246-247) | Objection; Hearsay; relevance. |

Reserved

Reserved

| Dragas Exh. No. | Description | |
|---|---|---|
| 169. | Miscellaneous Kofroth Photos (DRAGAS 317631-668) | No objection subject to proper authentication. |
| 170. | Photographs taken at homes (DRAGAS 300359, 300945, 301247, 301392-95, 302962, 303282, 305890, 306402, 307242-43, 307530- 31, 307634-35, 309183, 309270,309696, 309817, 310194, 308177, 311566-68, 311769-71, 312447-49) | No objection subject to proper authentication. |
| 171. | Photographs taken in Crump home (91) (DRAGAS 313582-313660) | No objection subject to proper authentication. |
| 172. | Photographs taken in A. Nelson home (111) (DRAGAS 315336-434) | No objection subject to proper authentication. |
| 173. | Photographs taken in Barakat home (121) (DRAGAS 313138-313303) | No objection subject to proper authentication. |
| 174. | Photographs taken in Quinn home (128) (DRAGAS 315829-905) | No objection subject to proper authentication. |
| 175. | Photographs taken in Bahen home (142) (DRAGAS 312968-313056) | No objection subject to proper authentication. |
| 176. | Photographs taken in Richardson home (329) (DRAGAS 312618- 312695) | No objection subject to proper authentication. |
| 177. | Photographs of Hampshires/Cromwell Park housing units and associated building components | No objection subject to proper authentication. |
| 178. | CD Containing Dragas Drywall Voicemails (DRAGAS 404434) | Objection. Hearsay; relevance. |
| 179. | 02/06/10 Materials Analysis Group, Inc. Copper Tube Corrosion Analysis | Objection. Hearsay |
| 180. | CPSC Press Statement (and Executive Summary) on Corrosion in Homes and Connections to Chinese Drywall (November 23, 2009) | Objection. Hearsay |
| 181. | U.S. Consumer Product Safety Commission Summary of Contractor's Indoor Air Quality Assessment of Homes Containing Chinese Drywall (November 23, 2009) | Objection. Hearsay |

Reserved

Reserved

| Dragas Exh. No. | Description | |
|---|---|---|
| 182. | Draft Final Report On An Indoor Environmental Quality Assessment Of Residences Containing Chinese Drywall (prepared by Environmental Health & Engineering, Inc., Needham, MA), EH&R Report 16512 (November 18, 2009) | Objection. Hearsay |
| 183. | U.S. Consumer Product Safety Commission, Interim Report on the Status of the Analysis of Electrical Components Installed in Homes with Chinese Drywall (November 23, 2009) | Objection. Hearsay |
| 184. | Sandia National Laboratories Interim Report on the Analysis of Corrosion Products on Harvested Electrical Components (November 2009) | Objection. Hearsay |
| 185. | U.S. Consumer Product Safety Commission Status Report on the Preliminary Analysis of HVAC, Gas Distribution and Fire Safety Equipment Installed in Homes with Chinese Drywall | Objection. Hearsay |
| 186. | National Institute of Standards and Technology [NIST], Materials Science and Engineering Laboratory Interim Report on the Examination of Corrosion Damage in Homes Constructed with Imported Wallboard | Objection. Hearsay |
| 187. | U.S. Consumer Product Safety Commission Interim Guidance - Identification of Homes with Corrosion from Problem Drywall (January 28, 2010) | Objection. Hearsay |
| 188. | U.S. Consumer Product Safety Commission Interim Remediation Guidance for Homes with Corrosion from Problem Drywall (April 2, 2010) | Objection. Hearsay |
| 189. | U.S. Consumer Product Safety Commission Release Identifying Manufacturers of Problem Drywall Made in China, with attached chart (May 25, 2010) | Objection. Hearsay |
| 190. | Florida Division of Env. Health, Case Definition for Drywall Associated Corrosion in Residences (12/18/09) | Objection. Hearsay |

Reserved

| Dragas Exh. No. | Description | |
|---|---|---|
| 191. | The Instrumentation, Systems and Automation Society (ISA) Standard, ISA-71.04-1985, Environmental Conditions for Process Measurement and Control Systems: Airborne Contaminants, Section 6 (approved 3 February 1986) | Objection. Hearsay |
| 192. | Stephen Cramer and Bernard Covino, Jr., Volume Editors, ASM International Handbook, Vol. 13B, Corrosion: Materials, pp. 125, 133-134, 387-388 (2005) | Objection. Hearsay |
| 193. | Lawrence Korb and David Olson, Co-Chairmen Handbook Committee, ASM International Handbook, Vol. 13, Corrosion, pp. 612, 618, 795 (1987) | Objection. Hearsay |
| 194. | List of Certificates of Occupancy Dates for Hampshires and Cromwell Park (Exhibit A to Declaration of Brian Kokoska) | |
| 195. | Hampshires Certificates of Occupancy (DRAGAS/BMIC 000015- 083) | |
| 196. | Cromwell Park Certificates of Occupancy (DRAGAS/BMIC 000084- 090) | |
| 197. | Certificates of Insurance for Porter-Blaine (DRAGAS 100858-867) | Objection. Relevance. |
| 198. | Exhibit A to Answers to Third-Party Defendants Hanover Insurance Company's and Citizens Insurance Company of America's First Set of Interrogatories to Third-Party Plaintiff | |
| 199. | CSS Claim Notepad Report, Claim No. 03-834333 for 01/27/09 through 02/25/09 (H03466-470) (Depo. Exh. No. 154) | Objection. Relevance; hearsay. |
| 200. | CSS Claim Notepad Report WITH REDACTIONS, Claim No. 03- 834333 for 01/27/09 through 03/25/09 (H03466-483) (Depo. Exh. No. 155) | Objection. Relevance; hearsay. |
| 201. | 01/27/09 fax from Willis HRH to Hanover re: 3 new loss notices for Porter-Blaine (H03516- | Objection. Relevance; hearsay. |

Reserved (handwritten, bracketing 191–193)

Reserved (handwritten, beside 197)

Reserved (handwritten, bracketing 199–201)

| Dragas Exh. No. | Description | |
|---|---|---|
| | 522) (Depo. Exh. No. 147) | |
| 202. | Email dated 02/05/09 from Robert Makin to Brian Kokoska re: Drywall claim info requested (DRAGAS/BMIC 101236) | |
| 203. | Email dated 02/05/09 from Robert Makin to Brian Kokoska re: drywall claim info requested (DRAGAS/BMIC 101573) | |
| 204. | Undated handwritten notes (Depo. Exh. No. 51) | |
| 205. | 02/12/09 letter from William Makimoto to Sam Porter, Porter-Blaine, re: Claim No. 03-834333-12 (H03514-515) (Depo. Exh. No. 149) | Objection. Relevance. |
| 206. | Email chain 02/16/09 from Matthew D. Ellett to Rhoda Ballance re: Dragas Companies - Claim Nos. 03834322, 03834327, 03834333 (DRAGAS/BMIC 101571-572) | Objection. Relevance. |
| 207. | Facsimile and Correspondence dated 02/20/09 from Kristan B. Burch, Esq. to Barry J. Dorans, Esq. and Bill Makimoto (DRAGAS 200424-436) | Objection. Relevance. |
| 208. | Email chain dated 02/25/09 and 02/26/09 re: Berkley inquiry (DRAGAS/BMIUC 101284-85) | Objection. Relevance; hearsay. |
| 209. | Fax cover sheet and letter dated 03/03/09 with attached insurance certificates from Kristan B. Burch, Esq. to Randolph C. DuVall, Esq., Registered Agent for Citizens Insurance Company of America (DRAGAS/BMIC 100470-484) | Objection. Relevance. |
| 210. | 03/03/09 letter from William Makimoto to Sam Porter, Porter-Blaine, re: Claim No. 03-834333-12 (DRAGAS/BMIC 100503-519) (Depo. Exh. No. 150) | Objection. Relevance. |
| 211. | Letter dated 03/04/09 from William Makimoto to Kristan B. Burch, Esq. acknowledging receipt of claim notice (DRAGAS/BMIC 100500-501) | Objection. Relevance. |
| 212. | Letter dated 03/19/09 with attachments from | Objection. Relevance. |

Reserved

| Dragas Exh. No. | Description | |
|---|---|---|
| | Kristan B. Burch, Esq. to Bill Makimoto, Hanover Insurance Company, responding to 03/04/09 letter from Hanover (DRAGAS/BMIC 100492-499) | |
| 213. | Letter dated 04/28/09 from Kristan B. Burch, Esq. to Bill Makimoto re: follow-up to 2/20/09 and 03/19/09 meetings (DRAGAS/BMIC 101246-247) | Objection. Relevance. Reserved |
| 214. | Email chain dated 04/29/09 from David Buckley to Robert Makin re: Kofroth question (DRAGAS/BMIC 101520) | |
| 215. | | |
| 216. | 40 CFR Ch. 1, § 261.3 attached to Colleen Becker's report | Objection. Relevance. Withdrawn |
| 217. | 12/29/10 "Assessment of the Cause of Accelerated Corrosion in Certain Homes in Two Housing Areas in Virginia," prepared by Gerald O. Davis, P.E. | Objection. Hearsay. Withdrawn |
| 218. | Spreadsheet titled "HVAC Issues at Hampshires and Cromwell Park" (attached to March 1, 2010 Report of Gerald O. Davis, P.E.) | Objection. Hearsay. |
| 219. | Test reports/inspections for electronics (DRAGAS 316898, 311881, 311712-16, DRAGAS/BMIC 500009, 500197) | Objection. Hearsay. |
| 220. | 01/30/06 Subcontractor Insurance Information Request for Porter- Blaine (coverage for audit) (Depo. Exh. No. 60) | Objection. Hearsay; relevance. Reserved |
| 221. | 02/01/06 Certificate of Liability Insurance for Porter-Blaine (Depo. Exh. No. 61) | Objection. Hearsay; relevance. |
| 222. | 02/01/06 Fax Call Report (Depo. Exh. No. 62) | Objection; hearsay; relevance; authenticity. |
| 223. | 02/01/06 Certificate of Insurance Request (for current policy) (Depo. Exh. No. 58) | Objection; hearsay; relevance; authenticity. |
| 224. | 02/01/06 Certificate of Insurance Request (for certificate showing coverage from 10/01/04- | Objection; hearsay; relevance; authenticity. |

| Dragas Exh. No. | Description | |
|---|---|---|
| | 09/30/05) (Depo. Exh. No. 59) | |
| 225. | 02/03/06 Commercial Insurance Application for Dragas Management Corp. (UW-0673-691) (Depo. Exh. No. 39) | Objection; hearsay; relevance; authenticity. |
| 226. | Commercial Insurance Application (UW-0074-102) (Depo Exh. 42) | Objection; hearsay; relevance; authenticity. |
| 227. | Contractor Supplement dated 1/17/08 (UW-0343) | Objection; hearsay; relevance; authenticity. |
| 228. | Contractors General Liability Supplemental Questionnaire dated 1/8/08 (UW-0344-352) | Objection; hearsay; relevance; authenticity. |
| 229. | 11/08/07 Certificate of Liability Insurance for Porter-Blaine (Depo. Exh. No. 68) | Objection; hearsay; relevance; authenticity. |
| 230. | 12/20/07 Policy Premium Recap Sheet for Porter-Blaine (H0280-310) (Depo. Exh. No. 193) | Objection. Relevance. |
| 231. | 03/04/08 Certificate of Liability Insurance for Porter-Blaine (Depo. Exh. No. 69) | Objection. Relevance. |
| 232. | 11/18/08 Certificate of Liability Insurance for Porter-Blaine (Depo. Exh. No. 71) | Objection. Relevance. |
| 233. | Redacted list of communications re: Dragas claims (FIC 0081-105) (Depo. Exh. No. 74) | Objection. Relevance; hearsay; authenticity. |
| 234. | 01/01/05 Agency Agreement with Hilb, Rogal & Hobbs of Virginia, Inc. (H03451-511) (Depo. Exh. No. 192) | Objection. Relevance. |
| 235. | Allmerica Financial Loss Control Survey Report for Porter-Blaine (H2133-153) (Depo. Exh. No. 194) | Objection. Relevance; hearsay. |
| 236. | Subcontractor Work Order No. 3141 Issued to A-1 Plumbing & Heating Co. on 04/07/08 (DRAGAS 403048) | |
| 237. | Subcontractor Work Order No. 1526 Issued to Atlantic Glass and Mirror Co. on 07/24/07 (DRAGAS 403021) | |

Reserved

| Dragas Exh. No. | Description | |
|---|---|---|
| 238. | Subcontractor Work Order No. 1539 Issued to A-1 Plumbing & Heating Co. on 07/25/07 (DRAGAS 403039) | |
| 239. | Subcontractor Work Order No. 1733 Issued to A-1 Plumbing & Heating Co. on 08/22/07 (DRAGAS 403044-045) | |
| 240. | Subcontractor Work Order No. 2775 Issued to A-1 Plumbing & Heating Co. on 08/22/07 (with other documents) (DRAGAS 403026- 029, 403031) | |
| 241. | Subcontractor Work Order No. 4366 Issued to Smith & Keene on 11/26/08 (DRAGAS 403010) | |
| 242. | Subcontractor Work Order No. 4032 Issued to Electrical Connections on 12/12/08 (DRAGAS 403040-041) | |
| 243. | Subcontractor Work Order dated 09/18/07 (DRAGAS 313499) | |
| 244. | Service request and 6 Month Warranty List (57) (DRAGAS 314884- 885) | |
| 245. | 6 Month Warranty List (57) (DRAGAS 314880-881) | |
| 246. | Interrogatory answers and responses to requests for admission from Hanover/Citizens | Objections as set forth in discovery responses. Not an exhibit may be read to jury |
| 247. | Attorney invoices from Kaufman & Canoles, P.C. for defending against homeowner claims and pursuing Porter-Blaine | Objection. Relevance. Not previously disclosed. withdrawn |
| 248. | Mason jars maintained by John Buckley | |
| 249. | Coils, drywall, and other items removed from homes at The Hampshires and Cromwell Park before remediation of such homes by Dragas Management Corporation | Objection to "other items" that are not sufficiently identified. Authentication. see below |
| 250. | Personal property items damaged by Chinese drywall at The Hampshires and Cromwell Park and other items removed from homes in | Objection. Insufficiently identified. Authentication |

249+250 - The plaintiff must specifically identify each item to the defendant by June 13 2011

| Dragas Exh. No. | Description | |
|---|---|---|
| | connection with the remediation work which were corroded, pitted and/or otherwise damaged[1] | |
| 251. | Demonstrative exhibits (with copies to be provided to respondent before ~~admission~~) June 13, 2011 | Objection. Insufficiently identified. |
| 252. | Hampshires Assignment dated 01/01/07 (H03583) | Objection. Relevance. Reserved |
| 253. | 02/03/05 Subcontract Agreement between Hampshires Associates and Porter-Blaine Corporation (H03584-587) | |
| 254. | 03/24/09 email from Richard B. Robertson to William Makimoto re: Porter Blaine 03-834333-12 My claim #10058049 (H03529) | Objection. Relevance; hearsay. |
| 255. | CSS Claim Notepad Report, Claim No. 03-834333 for 03/03/09 (H03582) | Objection. Relevance; contains hearsay. Reserved |
| 256. | Email chain dated 03/03/09 from William Makimoto to Laura Embleton, Wolcott Rivers, re: Claim No. 03-834333-12, Porter-Blaine Corporation/Dragas Homes with attached 02/10/09 correspondence from Kristan B. Burch, Esq. (H03588-654) | Objection. Relevance; contains hearsay. |
| 257. | Email chain dated 02/11/09 from Terry L. Johnson to Donna Jefferson, *et al.* re: 03-834333 (H03691-692) | Objection. Relevance. |
| 258. | Letter dated 02/20/09 from Kristan B. Burch, Esq. to Barry J. Dorans, Esq. and William Makimoto re: follow-up (H03571-581) | Objection. Relevance; contains hearsay. Reserved |
| 259. | Letter dated 03/19/09 from Kristan B. Burch, Esq. to William Makimoto re: response to 03/04/09 correspondence (H03554-561) | Objection. Relevance; contains hearsay. |
| 260. | Letter dated 04/28/06 from Kristan B. Burch, Esq. to William Makimoto re: follow-up to letters of 02/20/09 and 03/19/09 (H03523-524) | Objection. Relevance; contains hearsay. |

[1] These personal property and other items were made available for inspection during discovery by Dragas Management Corporation.

| Dragas Exh. No. | Description | |
|---|---|---|
| 261. | Letter dated 05/13/09 from Matthew L. Jacobs, Esq. to William Makimoto re: Claim Nos. 03834322, 03834327, 03834333 (H03704- 705) | Objection. Relevance; contains hearsay. |
| 262. | Venture's Chinese drywall Sales chart (V027000-V027020) | Objection. Relevance; contains hearsay; authentication. |
| 263. | Email Chain dated 12/13/05 from Phillip Perry to Porter Blaine re: (no subject) (V002390-392) | Objection. Relevance; contains hearsay; authentication. |
| 264. | Email dated 12/14/05 from Phillip Perry to Frank Clem re: Frank Peng Letter from Venture (V002358-361) | Objection. Relevance; contains hearsay; authentication. |
| 265. | Venture Invoices (EV 000265-EV000267, 000255, 000268-000272, 000254, 000263, 000732, 000275-000279, 000281, 000283-000285, 000280, 000256, 000039, 000223-000225, 000238, 000723, 000733, 000262, 000282, 000291, 000290, 000292-000294, 000289, 000157, 000288, 000725, 000734, 000050, 000286, 000295-000297, 000299-000301, 000298, 000302-000303, 000226, 000028-000034, 000038, 000273-000274, 000735, 000054, 000158, 000287, 000304-000308, 000726, 000736, 000156, 000257, 000312, 000314, 000236, 000309-000310, 000727-000728, 000311, 000313, 000315-000316, 000737, 000317, 000160, 000221-000222, 000227-000229, 000258, 000322-000323, 000259, 000051, 000318-000319, 000738, 000037, 000161-000163, 000053, 000239, 000233-000234, 000046-000047, 000324, 000320-000321, 000325-000326, 000328-000331, 000344, 000332, 000334-000340, 000346, 000739, 000035-000036, 000240-000242, 000247-000249, 000327, 000333, 000740, 000231-000232, 000345, 000353-000355, 000741, 000230, 000356-000358, 000260-000261, 000347-000352, 000048, 000264, 000359-000360, 000742, 000062-000065, 000237, 000365-000368, 000066-000069, 000363-000364, 000361- | Objection. Relevance; contains hearsay; authentication. |

Reserved

| Dragas Exh. No. | Description | |
|---|---|---|
| | 000362, 000375, 000070-000072, 000369-000371, 000724, 000074, 000243-000244, 000073, 000075-000078, 000250-000251, 000376, 000079-000083, 000383-000391, 000084-000087, 000372-000374, 000378-000382, 000088-000091, 000377, 000092-000095, 000392-000394, 000396-000401, 000395, 000096, 000098, 000097, 000099-000106, 000402-000404, 000406-000411, 000245-000246, 000252-000253, 000107-000111, 000113, 000112, 000114-000115, 000412-000414, 000117-000118, 000416, 000116, 000119-000122, 000125, 000123-000124, 000126, 000235, 000415, 000417-000422, 000424, -000425, 000129, 000128, 000127, 000131-000136, 000405, 000426-000429, 000137-000146, 000130, 0000430-000433, 000147-000151, 000435, 000436-000437, 000423, 000434, 0000152-000153, 000438-000444, 000154-000155, 000341-000343, 000445-000447, 000040-000043, 000448, 000164, 000449-000453, 000454, 000044, 000455-000458, 000165, 000459, 000460-000464, 000166-000168, 000465-000467, 000169, 000468-000470, 000471-000479, 000170-000172, 000045, 000480-000481, 000005-000007, 000482, 000008-000009, 000483, 000010, 000173, 000011-000018, 000486, 000019-000020, 000484-000485, 000021-000022, 000174, 000023, 000175-000176, 000487-000488, 000024, 000055-000059, 000489, 000491-000492, 000490, 000177, 000493-000495, 000178, 000498, 000497, 000499-000501, 000496, 000179, 000049, 000502-000505, 000181-000182, 000506-000509, 000180 000510, 000512-000515, 000511, 000516-000518, 000183, 000519-000523, 000184, 000060-000061, 000524-000529, 000185-000186, 000530-000533, 000025, 000534, 000536-000539, 000187, 000540-000541, 000535, 000188-000189, 000542-000543, 000190-000191, 000544-000546, 000001-000003, 000547, 000192-000193, 000548-000552, | |

Reserved

| Dragas Exh. No. | Description | | |
|---|---|---|---|
| | 000194-000195, 000553-000554, 000026, 000197, 000196, 000198, 000555-000557, 000558, 000199, 000560, 000559, 000561-000566, 000200, 000567-000574, 000201, 000202-000205, 000027, 000207-000209, 000210, 000206, 000575-000576, 000212, 000577-000579, 000213, 000211, 000214, 000729, 000580, 000215, 000581-000583, 000730, 000585, 000586, 000584, 000731, 000216, 000587-000588, 000217, 000589-000603, 000218, 000604, 000605-000614, 000618-000619, 000219, 000615-000617, 000620-000622, 000623-000636, 000638, 000637, 000642, 000641, 000639-000640, 000644-000651, 000643, 000658-000660, 000656-000657, 000661, 000663-000664, 000652-000655, 000662, 000665-000673, 000674-000690,000691-000698, 000004, 000052, 000699-000708, 000220, 000709-000710, 000711-000719, 000720-000722, 003116-003126, 003128-003129, 003127, 003130-003142, 003103, 003096-003098, 003104-003105, 003143-003146, 003112, 003106, 003148, 003151, 003149-003150, 003147, 003107-003108, 003152-003156, 003157-003160, 003099, 003109, 003161-003165, 003166-003171, 003110, 003100, 003172-003176, 003101-003102, 003111, 003113-003114, 003115, 003177-003182) | | Reserved |
| 266. | All exhibits filed by Dragas Management Corporation as attachments to briefing or declarations in support of or in opposition to motions for summary judgment filed by either party in this case. | Objection. Hearsay; relevance. Not sufficiently identified. | Reserved |
| 267. | Documents identified by Dragas in response to Defendants' Requests for Production or Interrogatories | Objection. Hearsay; relevance. Not sufficiently identified. | Withdrawn |

B. Documents Which Dragas May Offer if the Need Arises

Dragas may rely upon or refer to (1) other documents in the homeowner files produced in response to discovery (DRAGAS 300001-312450, 312451-317622, 317623-318059, 318060-319289, 319290-320350), (2) other financial documents produced in response to discovery (DRAGAS 100001-103050, 103051-106069, 106070-108920, 108921-111940, 111941-114810, 114811-116423, 116424-116771, 116772-117813, 117814-117995); and (3) other documents from the general ledgers produced (DRAGAS 600001-607186).

Dragas reserves the right to introduce exhibits listed by defendants or any other party or to withdraw any exhibit listed and further reserves the right to introduce additional exhibits for the purposes of cross examination, impeachment and rebuttal. Furthermore, Dragas reserves the right to prepare summaries and other demonstrative exhibits to be used at trial.

**Objection:**

Defendants object to the designation of "documents which Dragas may offer if the need arises" as being overly broad and not sufficiently specific to satisfy the requirements of Federal Rule of Civil Procedure 26(a)(3), and therefore reserves all of its objections to the admissibility of any such documents.

Reserved

**Hanover Exhibits**

| Hanover Exh. No. | Description | Objection |
|---|---|---|
| 1. | Demand for Arbitration | |
| 2. | DMC's responses to defendants' first set of requests for admissions and second set of interrogatories in the *Dragas v. Hanover* action. | |
| 3. | DMC's responses to third-party defendants' interrogatories in the *Builders Mutual v. Dragas* | Hearsay Relevance |

Reserved

| Hanover Exh. No. | Description | Objection |
|---|---|---|
|  | action, including the attachments thereto. |  |
| 4. | DMC's responses to defendants' first set of interrogatories in the *Dragas v. Hanover* action. |  |
| 5. | Aguilera, K., Laboratory Report, Reference: Kofroth/Hampshires (gas chromatograph analyses for sulfur compounds from grab air samples taken from 1504 Penton Mews and 1537 Long Parish Way in the Hampshires), Columbia Analytical Services, Inc., Simi Valley, CA (December 5, 2008) (Dragas 402712-402719) |  |
| 6. | Aguilera, K., Laboratory Report, Reference: Kofroth Drywall (gas chromatograph analyses for sulfur compounds from five drywall samples taken from three homes in the Hampshires), Columbia Analytical Services, Inc., Simi Valley, CA (February 4, 2009) (Dragas 000046-000092 and graphs). |  |
| 7. | Ryan, K., Laboratory Report, Reference: 1504 PM-/ 10752 (gas chromatograph analyses), Columbia Analytical Services, Inc., Simi Valley, CA (February 12, 2009) (Dragas/BMIC 100408-100417). |  |
| 8. | Aguilera, K., Laboratory Report, Reference: Hampshires / Material Off Gassing (Gas chromatograph analyses of off gassing from three solid drywall samples from two homes). Columbia Analytical Services, inc., Simi Valley, CA (March 17, 2009) (Dragas 000116-000124). |  |
| 9. | Aguilera, K., Laboratory Report, Reference: Hampshires / 1443 Otterbourne Cir-2, Columbia Analytical Services, Inc., Simi Valley, CA (October 23, 2009) (Dragas 311007-311013) |  |
| 10. | Aguilera, K., Laboratory Report, Reference: Hampshires / 1483 Otterbourne Cir, Columbia Analytical Services, Inc., Simi Valley, CA (October 23, 2009) (Dragas 301230-301236). |  |

| Hanover Exh. No. | Description | Objection |
|---|---|---|
| 11. | Aguilera, K., Laboratory Report, Reference: Elemental Sulfur Analysis of Three Drywall Samples, Columbia Analytical Services, Inc., Simi Valley, CA (February 19, 2010) (Dragas 404001-404006).. | |
| 12. | Fabiszewski, A. and Krantz, B., Analysis of Copper Pipe/Tube and Copper Wire From Condo Unit, Corrosion Testing Laboratories, Inc., Newark, DE (March 2009) (Dragas 403700-403707) (Dragas 402704-402711). | |
| 13. | Freeman, G., Copper Tube Corrosion Analysis, Materials Analysis Group, Inc. (MAGI), Norcross, GA (February 6, 2010) (Dragas 404007-404040) | |
| 14. | Chart showing dates certificates of occupancy were issued for each of the 74 residences at issue (Kokoska Declaration Exhibit A). | |
| 15. | Chart showing remediation agreement dates, remediation commencement dates and inspection and acceptance dates for each of the residences at issue (Kokoska Declaration Exhibit C). | Relevance<br>Reserved |
| 16. | Chart showing drywall completion date, "CO date" and occupancy date for each residence at issue (attached to 12/31/10 Burch Declaration; Dragas/BMIC 100496-497). | |
| 17. | 1/21/09 Brandywine Research Laboratory Report (Dragas 000038-45) | Hearsay<br>Relevance<br>Foundation<br>Reserved |
| 18. | DMC's Responses to Plaintiff Builders Mutual Insurance Company's Second Set of Requests for Admission Directed to Defendant Dragas. Management Corp. | Requests for Admission by either party in other case are not admissible<br>~~objection Reserved~~<br>objection sustained -FRCiv P. 36(b) |
| 19. | Inspection Report (Dragas 317037). | Incomplete<br>Hearsay<br>Relevance<br>Reserved |
| 20. | Inspection Report (Dragas 316682). | Incomplete<br>Hearsay<br>Relevance<br>Reserved |

| Hanover Exh. No. | Description | Objection |
|---|---|---|
| 21. | Inspection Report (Dragas 316172). | Incomplete<br>Hearsay<br>Relevance |
| 22. | Inspection Report (Dragas 314704). | Incomplete<br>Hearsay<br>Relevance |
| 23. | Inspection Report (Dragas305145). | Incomplete<br>Hearsay<br>Relevance |
| 24. | Inspection Report (Dragas 308753). | Incomplete<br>Hearsay<br>Relevance |
| 25. | Inspection Report (Dragas 308754). | Incomplete<br>Hearsay<br>Relevance |
| 26. | Inspection Report (Dragas 310315). | Incomplete<br>Hearsay<br>Relevance |
| 27. | Inspection Report (Dragas 311116). | Incomplete<br>Hearsay<br>Relevance |
| 28. | Porter-Blaine contract (Dragas 200505-504; 20050) | |
| 29. | Porter-Blaine contract (Dragas 200513-528) | |
| 30. | List of homeowners with closing dates (Dragas 403947-949) | |
| 31. | Email from Kokoska to Dragas, dated 3/25/09 (Dragas 402583-402611) | Hearsay<br>Relevance |
| 32. | Email from Kokoska to Dragas, dated 3/31/09 (Dragas 402574-575) | Hearsay<br>Relevance |
| 33. | Handwritten notes of John Buckley (Dragas 403155-403232) | Hearsay<br>Relevance |
| 34. | Email from Kokoska to Buckley, dated 4/2/09 (Dragas 402540) | Hearsay<br>Relevance |
| 35. | Dragas supplemental responses to Builders Mutual Insurance Company's first set of interrogatories in the *Builders Mutual v. Dragas* action, dated 2/4/11. | Discovery from separate case<br>Not in compliance with rules |
| 36. | Email chain dated 1/6/09 from Buckley to Kokoska (Dragas 317877-317878) | Hearsay<br>Relevance |
| 37. | Email dated 2/5/09 from Kokoska to Burch, et al re Results of Analysis (Dragas 402770-402771) | Hearsay<br>Relevance |

Reserved (handwritten, bracketing 21–27)

Reserved (handwritten, bracketing 31–34)

Reserved (handwritten, 35)

Reserved (handwritten, 36)

Reserved (handwritten, 37)

| Hanover Exh. No. | Description | Objection |
|---|---|---|
| 38. | Rule 30(b)(6) Notice of Deposition issued to Dragas by Hanover and Citizens in the *Builders Mutual v. Dragas* action. | Discovery not admissible under rules Reserved |
| 39. | Interim Report on the Analysis of Corrosion Products on Harvested Electrical Components (Dragas/GD 000720-755). | |
| 40. | Report on Study of Electrical Component Corrosion Related to Problem Drywall (March 2011 CPSC Report by Trotta and Gill). | |
| 41. | Interim Report on the Status of the Analysis of Electrical Components Installed in Homes with Chinese Drywall (11/23/09 CPSC Report by Gill and Trotta). | |
| 42. | Status Report on the Preliminary Analysis of HVAC, Gas Distribution and Fire Safety Equipment Installed in Homes with Chinese Drywall (November 2009 CPSC Report by Khanna). | |
| 43. | Notes from Dragas Inspection of Affected Homes (DRAGAS 31342, 312880, 312955, 313091, 313337, 313384, 313572, 313694, 313706, 313779, 313847, 313905, 313995, 314033, 314083, 314123, 314168, 314228, 314277, 314341, 314388, 314446, 314521, 314563, 314611, 314704, 314754, 314772, 314801, 314801, 314941, 315010, 315054, 315054, 315138, 315189, 315229, 315271, 315307, 315457, 315495, 315537, 315589, 315648, 315713, 315790, 315921, 315954, 316019, 316091, 316172, 316195, 316356, 316396, 316422, 316578, 316682, 316830, 316890, 316916, 316950, 317000, 317037, 317062, 317099) | Completeness Relevance Reserved |
| 44. | Documents in the homeowner files produced in response to discovery (examples at DRAGAS 300001-312450, 312451-317622, 317623-318059, 318060-319289, 319290-320350). | Specificity Relevance Vagueness Reserved |
| 45. | The policies issued to Porter-Blaine by Citizens and Hanover. | |

| Hanover Exh. No. | Description | Objection |
|---|---|---|
| 46. | Dragas damages spreadsheets (Exhibits to Burch Certification). | |

Defendants reserve the rights to designate additional documents as trial exhibits and to offer such additional documents into evidence at trial, in the event such additional documents are needed to impeach, contradict, or rebut the testimony of any witness called by Dragas Management Corp.

**(4) IDENTIFICATION OF WITNESSES IN ACCORDANCE WITH RULE 26(A)(3)(A)(I) INDICATING ANY UNRESOLVED OBJECTIONS TO THE USE OF A PARTICULAR WITNESS AND THE GROUNDS THEREFORE, AND DESIGNATING THOSE WITNESSES EXPECTED TO TESTIFY BY DEPOSITION IN ACCORDANCE WITH RULE 26(A)(3)(A)(II)**

Witnesses Under Rule 26(a)(3)(A)(I)

***Dragas Witnesses***

A. Witnesses Who Dragas Expects to Present

| | NAME | OBJECTIONS |
|---|---|---|
| 1. | John C. Buckley, III<br>2281 Lynx Drive<br>Virginia Beach VA 23456 | |
| 2. | Gerald O. Davis, P.E.<br>Davis Materials & Mechanical Engineering, Inc.<br>4723 Squaw Valley Court<br>Glen Allen, VA 23060<br>(804) 967-9129 | motion in limine served on 6-3-11 is pending<br>Motion Ruling Reserved on merits + timeliness |
| 3. | Helen E. Dragas<br>Dragas Management Corporation<br>4538 Bonney Road<br>Virginia Beach VA 23462 | |
| 4. | Sally Horvath<br>Dragas Management Corporation<br>4538 Bonney Road<br>Virginia Beach VA 23462 | |

| | NAME | OBJECTIONS |
|---|---|---|
| 5. | Brian Kokoska<br>Dragas Management Corporation<br>4538 Bonney Road<br>Virginia Beach VA 23462 | |
| 6. | Robert Makin<br>Dragas Management Corporation<br>4538 Bonney Road<br>Virginia Beach VA 23462 | |
| 7. | William B. Makimoto<br>Regional General Adjuster<br>Hanover Insurance Group, Inc./Citizens Insurance Company of America<br>1410 Rocky Ridge Dr., Suite 200<br>Roseville, CA 95661 | Objection. Relevance.<br>~~[illegible]~~ Reserved |
| 8. | Sam Porter<br>1145 Princess Anne Road<br>Virginia Beach, VA 23457 | |
| 9. | Joe Burt<br>Porter-Blaine Corporation | Objection. ~~Not previously disclosed.~~ Objection w/drawn |
| 10. | Alexander Yancey<br>3717 Sherbrook Road<br>Richmond, VA 23235 | Objection. Relevance.<br>Reserved |

B. Witnesses Who Dragas May Call if the Need Arises

| | NAME | OBJECTIONS |
|---|---|---|
| 1. | Kristan B. Burch, Esq.<br>Kaufman & Canoles, P.C.<br>150 West Main St., Suite 2100<br>Norfolk, VA 23510 | Objection. Relevance. Not previously disclosed.<br>Reserved |
| 2. | Clara Boyle<br>1508 Penton Mews<br>Chesapeake, VA 23320 | |
| 3. | Robin Richardson Diehl<br>1518 Aldershot Lane<br>Chesapeake, VA 23320 | |
| 4. | Linda D. Piersawl<br>1529 Aldershot Lane<br>Chesapeake, VA 23320 | |

***Hanover Witnesses Not Already Listed Above***

| NO. | PERSON | Objection |
|---|---|---|
| 1. | Stephany I. Mason (Expected to be present)<br>Air Quality Sciences, Inc.<br>2211 Newmarket Parkway<br>Marietta, GA 30067<br>(770) 933-0638 | |
| 2. | Terry Johnson (To be called if necessary)<br>The Hanover Insurance Group<br>1410 Rocky Ridge Dr. Suite 200<br>Roseville, CA 95661<br>(800) 955-8850 | |
| 3. | Nate Sanders (Expected to be present)<br>Air Quality Sciences, Inc.<br>2211 Newmarket Parkway<br>Marietta, GA 30067<br>(770) 933-0638 | Not identified per Rule 26<br>Reserved<br>May not testify as retained expert |
| 4. | One or more of the homeowners | Lack of specificity<br>Relevance<br>objection sustained |

**Unresolved Objections As to Witnesses Expected to Testify by Deposition in Accordance with Rule 26(a)(3)(A)(ii)**

**Dragas Designations**

As set forth below, defendants object to the use of the deposition testimony of Al Yancey on the grounds that the designated testimony is irrelevant to the subject matter of this dispute, includes inadmissible hearsay, and includes testimony beyond the scope of the Rule 30(b)(6) notice issued to defendants, and is therefore inadmissible under Rule 32. Consistent with the applicable Local Rule, defendants will "meet and confer" with plaintiff's counsel to attempt to resolve those objections, and will file an appropriate motion with the Court if necessary.

Defendants object to the designations of deposition testimony of Porter and Burt on the grounds that those depositions were taken in other actions to which defendants in this action were not a party, and those depositions are therefore inadmissible in this action. Defendants also

object to the use of the deposition of Burt on the grounds that he was not disclosed as a potential witness by plaintiff during discovery in this action.

| | DEPOSITION | OBJECTION |
|---|---|---|
| **Yancey** | P68, L8 – P74, L14 | Relevance. Hearsay. Beyond the Scope of the Notice. |
| | P76, L16 - P81, L2 | Relevance. Hearsay. Beyond the Scope of the Notice. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **Porter** | Sam Porter (Porter-Blaine) pp. 17-20 (April 7, 2010 dep.) | Hearsay |
| **Burt** | Joe Burt (Porter-Blaine) p. 7 | Hearsay |

Reserved

Reserved

**Hanover Designations**

| | DEPOSITION | Objection |
|---|---|---|
| | **Brian Kokoska (Page:Line)**<br>11:1 – 11:4<br>11:8 – 12:17<br>205:8 – 206:9<br>206:23 – 207:7<br>218:2 – 219:2 | Deposition from separate case<br>Hearsay<br>Witness will be available |

Reserved

**(5) FACTUAL CONTENTIONS OF EACH PARTY**

**Factual Contentions of Dragas**

In addition to those facts contained within the stipulations of the parties, Plaintiff DMC asserts the following as its summary factual contentions.

Hanover/Citizens are obligated to cover the $4.9 million judgment against Porter-Blaine pursuant to the terms of the insurance policies these insurers issued to Porter-Blaine. The $4.9 million represents a "sum" Porter-Blaine is "legally obligated to pay as damages because of "property damage" caused by "occurrences" that occurred during the policy period.

Porter-Blaine installed Chinese drywall at a total of seventy-four (74) homes at the two projects – sixty-eight (68) at The Hampshires and six (6) at Cromwell Park. The damages experienced by the homeowners, including the damages to their personal property, were caused by Chinese drywall and the reduced sulfur compounds that were created when the sulfur in the drywall interacted with air and humidity. The corrosive damage began on a microscopic scale in close by susceptible metals upon installation of the Chinese drywall and on a widespread scale throughout the homes when the homes were occupied and the HVAC systems and other home systems were activated and began circulating air throughout the homes. It continued to occur until the time that the Chinese drywall was removed from the homes.

Laboratory tests have determined that Chinese drywall, which contains gypsum mined in China, has approximately 375 times the elemental sulfur concentration of domestic drywall. Elemental sulfur when exposed to air can react to form various reduced sulfur compounds. The reduced sulfur compounds that were created when the elemental sulfur in the Chinese drywall reacted with the ambient air included, according to laboratory tests, hydrogen sulfide, carbon disulfide, and carbonyl sulfide. Reduced sulfur compounds cause accelerated corrosion of copper and silver materials. The HVAC coils, sample electrical wiring ends and related materials tested from homes in The Hampshires and Cromwell Park that contained Chinese drywall were seriously corroded, and the black deposits on these items included copper sulfide. Copper sulfide was present because the concentration of hydrogen sulfide was sufficiently high to form it.

Policy Exclusions

The total pollution exclusion is limited to traditional, outdoor environmental pollution. The damage caused by the Chinese drywall does not fall within traditional environmental damage and therefore is not excluded. The plain meaning of the term "pollutants" does not cover the drywall or reduced sulfur compounds at issue in this case. Also, the fact that reduced sulfur compounds may be controlled substances in some contexts should not control whether they are considered pollutants in this context – they are not. Moreover, the terms "discharge, dispersal, migration, escape and release" are environmental terms of art that refer to traditional pollution, which was not present here. Even if present here, however, because the air came to the drywall and in combination with the elemental sulfur created reduced sulfur compounds, there was no "discharge, dispersal, migration, escape or release" of any pollutant.

The "your work" exclusion does not apply because the work was performed by subcontractors. The your work and related exclusions do not apply because the damage was caused to nondefective property and because replacement of the Chinese drywall was necessary to access damaged property and necessary to prevent further damage. Other exclusions and conditions of the policies do not apply to the factual circumstances of this case.

**Factual Contentions of Hanover/Citizens**

a. **Dragas bears the burden of establishing it is entitled to coverage under the policies at issue. To meet that burden, as a threshold issue, Dragas must prove that the arbitration award (or what portion of the award) is for "property damage" caused by an "occurrence."**

b. **Dragas bears the burden of proving that covered damage occurred during the policy periods of the subject policies, and what quantum of covered damage occurred during each policy period.**

c. **Coverage is precluded entirely under the Citizens and Hanover policies containing the "total pollution exclusion."**

d. **Coverage is excluded under the "contractual liability" exclusion.**

e. **Coverage is excluded under the "your work" exclusion.**

f. Sums expended to correct Porter-Blaine's defective work are not recoverable, because a contractor's defective work is not an "occurrence" under Virginia law, and because such defective work is not "property damage" and in any event is subject to one or more exclusions.

g. Costs incurred in order to replace the drywall itself, and/or solely to prevent future damage, do not constitute property damage caused by an occurrence.

h. Dragas is obligated to establish what portion of the claimed property damage, if any, occurred during the periods of the respective Hanover policies. The Citizens and Hanover policies, subject to additional terms, conditions, limitations and exclusions, only provide coverage for property damage that takes place during the policy period.

**(6) TRIABLE ISSUES CONTENDED BY EACH PARTY**

**Triable Issues Contended by Dragas[2]**

1. Do the insurance policies issued by Citizens/Hanover to Porter-Blaine cover the $4.9 million judgment and arbitration award that were awarded to Dragas?

2. Were the Chinese drywall damages caused by occurrences?

3. Did the occurrences giving rise to the Chinese drywall damages occur in the coverage territory and within the policy periods?

4. Do any conditions or exclusions in the policies bar coverage for the Chinese drywall damages?

**Triable Issues Contended by Hanover/Citizens**

**Defendants identify** the following issues as potentially triable in an effort to comply with their understanding of the requirements of this pretrial order. It is Defendants' position that many of the issues in dispute in this action are legal issues for the Court to decide. Subject to the foregoing reservations, Hanover identifies the following issues:

1. Whether, or to what extent, the policies issued by Defendants to Porter-Blaine provide coverage for the arbitration award.

2. Whether, or to what extent, the arbitration award constitutes a sum awarded because of "property damage" caused by an "occurrence," as those terms are used and defined in the policies.

3. Whether exclusions in the policies bar or limit coverage.

4. Assuming that the Chinese Drywall caused "property damage" and that such damage was caused by an "occurrence," the date(s) on which such damage took place, and the cost to remediate that damage.

ENTERED this 3rd day of June, 2011.

Tommy E. Miller
Judge, U.S. District Court for the Eastern District of Virginia

2 Dragas also preserves the positions asserted in their motion for summary judgment previously filed.

W. Edgar R. Spivey
R. Johan Conrod, Jr.
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
Telephone: 757-624-3343
Facsimile: 757-624-3169
wespivey@kaufcan.com
rjconrod@kaufcan.com
*Counsel for Dragas Management Corporation*

John Malloy
Deborah Vennos
Stephen Clancy
Robinson & Cole, LLP
280 Trumbell Street
Hartford, CT 06103
(860) 275-8200
(860) 275-8299
jmalloy@rc.com
dvennos@rc.com
sclancy@rc.com
*Counsel for Defendants Hanover Insurance Company and
Citizen's Insurance Company of America*

Thomas S. Garrett
Harman, Claytor, Corrigan & Wellman, PC
PO Box 70280
Richmond, VA 23255
Phone: (804) 747-5200
Fax: (804) 747-6085
tgarrett@hccw.com
*Counsel for Defendants Hanover Insurance Company and
Citizen's Insurance Company of America*

11089414_1.DOC